IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | CASE NO.: 1:22-cr-00034-ELH-1 |
| Terrence Hillman | * | |
| | * | |

## MEMORANDUM AND ORDER

The Court has before it Defendant's Emergency Motion for Medical Treatment. (ECF 14). According to Defense Counsel, the Government does not oppose the motion. For the reasons set forth more fully below, Defendant's motion will be GRANTED IN PART.

Defendant was originally arrested on state charges on or about August 14, 2021 and held in state custody pending trial. On or about February 1, 2022, a Grand Jury of this Court returned an indictment against Defendant based on the same underlying activity. (ECF No. 1). From a review of the docket, it appears as though Defendant was originally scheduled for an initial appearance in this Court on February 9, 2022, and a writ for his transport was issued on February 4, 2022 to the Metropolitan Transit Center where he was being housed by the State of Maryland. (ECF No. 5). For some reason, not apparent on the docket, Defendant's initial appearance did not go forward on that date. Instead, his initial appearance was rescheduled for February 16, 2022 according to a paperless notice docketed February 15, 2022. On that same date, a transport writ was issued to the Baltimore County Detention Center. (ECF No. 7). Thus, sometime between February 4 and February 15, Defendant was moved from state custody at the Metropolitan Transit Center to federal custody at the Baltimore County Detention Center, with whom the U.S. Marshals Service ("USMS") has an agreement to house some number of federal pretrial detainees.

On February 16, 2022, Defendant had his initial appearance in this Court and consented to detention at that time. (ECF No. 11). Defense Counsel also submitted a Communication of Health Needs form to the USMS at that time, indicating pertinent medical history including, inter alia, Defendant's participation in a suboxone/methadone treatment program. (ECF No. 12). Defendant was then detained at the Howard County Detention Center, another facility with whom the USMS has an agreement to house some federal pretrial detainees. (ECF No. 14 at 1).

On February 17, 2022, Defendant filed the instant Emergency Motion for Medical Treatment. (ECF No. 14). According to the motion, Defendant was participating in a methadone treatment program while in state custody, but no methadone treatment or detox program exists at the Howard County Detention Center.[1] *Id*. at 1-2. Additionally, no methadone treatment or taper program is available at Northern Neck Regional Jail where Defendant is apparently due to be transferred. *Id*. at 2. Defendant refers the Court to an on-line medical article relating to opioid withdrawal. *Id*. at 2, n. 1.

Defendant correctly notes that as a pretrial detainee, he is entitled to receive appropriate medical treatment pursuant to the Due Process Clause of the U.S. Constitution. See *United States v. Wallen*, 177 F. Supp. 2d 455, 458 (2001). Accordingly, Defendant asks the Court to order the USMS to place Defendant at a facility that can properly manage his withdrawal from methadone through a tapered detoxification program. (ECF No. 14 at 2).

Defendant is asking the Court to order a particular medical treatment regimen for a specific medical condition—methadone withdrawal. But the Court is ill-equipped to assess this

---

[1] Defendant does not indicate whether he was receiving methadone while at the Baltimore County Detention Center prior to his Initial Appearance, nor how long he was housed there.

request based on the information before it and the Court's lack of medical expertise.  Key questions that come to mind are when Defendant received his last dose of methadone, his dosage regimen, to what extent suboxone was included, the impact of any of his other underlying medical conditions or medications on addressing his methadone withdrawal, Defendant's current symptoms, whether Defendant should be tapered or continued on his current regimen, etc.  All of these would potentially have an impact on what current treatment, if any, is appropriate for that condition.  And, of course, any treatment would also have to take into account the security concerns and other challenges in rendering medical care in a custodial setting.

    At the same time, the Court has a duty to safeguard Defendant's constitutional protections, including his right to appropriate medical treatment.  Accordingly, the Court will order the USMS to direct medical staff to make a thorough assessment of Defendant's medical condition to include the methadone/suboxone component and render appropriate medical treatment in light of that assessment, including any necessary medications or referrals to outside providers or institutions deemed appropriate by medical staff.

_2/17/2022_____
Date

_____
J. Mark Coulson
United States Magistrate Judge



3